UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC LICHTENSTEIN,<br><br>                Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, CHRYSLER CAPITAL LLC, and SANTANDER CONSUMER USA, INC.<br><br>                Defendants. | Civil Action No. 3:20-cv-06249-MAS-LHG |

**SANTANDER CONSUMER USA INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Santander Consumer USA Inc. d/b/a Chrysler Capital ("Chrysler Capital")[1], by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Complaint by Marc Lichtenstein ("Plaintiff"), states as follows:

**ANSWER**

**JURISDICTION AND VENUE**

1.    Chrysler Capital admits that the Court has jurisdiction over this matter but denies the allegations in Paragraph 1 to the extent that 28 U.S.C. § 1367 and 15

---

[1] Chrysler Capital LLC has licensed the tradename "Chrysler Capital" to Santander Consumer USA Inc., which serviced the automobile lease at issue in this case on behalf of Chrysler Capital LLC's affiliate CCAP Auto Lease Ltd.

U.S.C. § 1681 *et seq.* provides a basis for the Court's jurisdiction over Plaintiff's claims.

    2.    Chrysler Capital denies the allegations in Paragraph 2.

    3.    Chrysler Capital admits that Plaintiff has asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") but denies that it violated the FCRA (or any other law), denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Chrysler Capital and, therefore, denies the allegations in Paragraph 3.

## **PARTIES**

    4.    Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies same.

    5.    Paragraph 5 states a legal conclusion to which no response is required and, therefore, Chrysler Capital denies same.

    6.    Paragraph 6 states legal conclusions to which no response is required and Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies same.

    7.    Paragraph 7 states legal conclusions to which no response is required and Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies same.

    8.    Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies same.

9. Paragraph 9 states legal conclusions to which no response is required and Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies same.

10. Paragraph 10 states legal conclusions to which no response is required and Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies same.

11. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies same.

12. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies same.

13. Chrysler Capital admits the allegations in Paragraph 13.

## **FACTUAL ALLEGATIONS**

14. Chrysler Capital states and incorporates Paragraphs 1 through 13 above.

### Chrysler/Santander Account Dispute and Violation

15. Chrysler Capital admits only that Plaintiff has an auto lease account, which Chrysler Capital services on behalf of CCAP Auto Lease Ltd. and denies the remaining allegations in Paragraph 15.

16. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies same.

17. Chrysler Capital denies the allegations in Paragraph 17.

18. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies same.

19. Chrysler Capital denies the allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required and Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies same.

21. Chrysler Capital admits only that the May 2018 payment was made, but denies that payment was "promptly made."  Chrysler Capital denies the remaining allegations in Paragraph 21.

22. Chrysler Capital denies the allegations in Paragraph 22.

23. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies same.

24. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies same.

25. Chrysler Capital admits only that it received notice of a dispute concerning Plaintiff's account from the Bureaus but lacks knowledge or information sufficient to form a belief regarding Plaintiff's role in making the dispute and therefore denies the remaining allegations in Paragraph 25.

26. Chrysler Capital denies the allegations in Paragraph 26.

27. Chrysler Capital admits only that it did not "mark" Plaintiff's account as disputed and denies the remaining allegations in Paragraph 27.

28. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies same.

29. Paragraph 29 states legal conclusions to which no response is required and Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies same.

30. Chrysler Capital denies the allegations in Paragraph 30.

31. Chrysler Capital denies the allegations in Paragraph 31.

32. Chrysler Capital lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies same.

## FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to Experian)**

33. Chrysler Capital restates and incorporates Paragraphs 1 through 32 above.

34. Paragraph 34 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

35. Paragraph 35 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

36. Paragraph 36 and its subparts do not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

37. Paragraph 37 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

38. Paragraph 38 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

39. Paragraph 39 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

The prayer for relief following Paragraph 39 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

## **SECOND CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Experian)**

40. Chrysler Capital restates and incorporates Paragraphs 1 through 39 above.

41. Paragraph 41 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

42. Paragraph 42 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

43. Paragraph 43 and its subparts do not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

44. Paragraph 44 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

45. Paragraph 45 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

46. Paragraph 46 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

The prayer for relief following Paragraph 46 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

## THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Trans Union)**

47. Chrysler Capital restates and incorporates Paragraphs 1 through 46 above.

48. Paragraph 48 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

49. Paragraph 49 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

50. Paragraph 50 and its subparts do not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

51. Paragraph 51 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

52. Paragraph 52 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

53. Paragraph 53 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

The prayer for relief following Paragraph 53 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

## **FOURTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to Trans Union)**

54. Chrysler Capital restates and incorporates Paragraphs 1 through 53 above.

55. Paragraph 55 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

56. Paragraph 56 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

57. Paragraph 57 and its subparts do not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

58. Paragraph 58 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

59. Paragraph 59 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

60. Paragraph 60 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

The prayer for relief following Paragraph 60 does not contain allegations against Chrysler Capital and therefore Chrysler Capital denies that the statements

require a response and they are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Chrysler/Santander)

61. Chrysler Capital restates and incorporates Paragraphs 1 through 60 above.

62. Paragraph 62 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

63. Paragraph 63 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

64. Paragraph 64 states legal conclusions to which no response is required and therefore Chrysler Capital denies same.

65. Paragraph 65 states legal conclusions to which no response is required and therefore Chrysler Capital denies same.

66. Chrysler Capital denies the allegations in Paragraph 66.

67. Chrysler Capital denies the allegations in Paragraph 67.

68. Chrysler Capital admits only that it did not "mark the account as disputed after receiving notice of the Plaintiff's dispute" and denies the remaining allegations in Paragraph 68.

69. Chrysler Capital lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 69 and therefore denies same.

70. Chrysler Capital denies the allegations in Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. Chrysler Capital denies the remaining allegations in Paragraph 71.

The prayer for relief following Paragraph 71 does not contain allegations against Chrysler Capital and therefore it is considered denied or avoided pursuant to Fed. R. Civ. P. 8(b)(6).

## SIXTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Chrysler/Santander)**

72. Chrysler Capital restates and incorporates Paragraphs 1 through 71 above.

73. Paragraph 73 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

74. Paragraph 74 states a legal conclusion to which no response is required and therefore Chrysler Capital denies same.

75. Paragraph 75 states legal conclusions to which no response is required and therefore Chrysler Capital denies same.

76. Paragraph 76 states legal conclusions to which no response is required and therefore Chrysler Capital denies same.

77. Chrysler Capital denies the allegations in Paragraph 77.

78. Chrysler Capital denies the allegations in Paragraph 78.

79. Chrysler Capital admits only that it did not "mark the account as disputed after receiving notice of the Plaintiff's dispute" and denies the remaining allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions for which Chrysler Capital is not required to admit or deny, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and therefore the statements are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

81. Chrysler Capital denies the allegations in Paragraph 81.

82. Chrysler Capital lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 82 and therefore denies same.

83. Paragraph 83 contains legal conclusions to which no response is required. Chrysler Capital denies the remaining allegations in Paragraph 83.

The prayer for relief following Paragraph 83 does not contain allegations against Chrysler Capital and therefore it is considered denied or avoided pursuant to Fed. R. Civ. P. 8(b)(6).

## **DEMAND FOR TRIAL BY JURY**

84. The statements in Paragraph 84 do not contain allegations against Chrysler Capital, Chrysler Capital is not required to admit or deny such statements, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and therefore the statements are considered denied or avoided under Fed. R. Civ. P. 8(b)(6).

## PRAYER FOR RELIEF

Chrysler Capital denies the allegations contained in any unnumbered paragraph of the Complaint and the Prayer for Relief.

## AFFIRMATIVE DEFENSES

85. Plaintiff does not have standing to assert the claims set forth in the Complaint.

86. Plaintiff's Complaint, and each and every claim for relief alleged therein, fails to state a claim upon which relief can be granted.

87. The information that Chrysler Capital furnished to the Bureaus was accurate.

88. The disputes described in the Complaint were sent by a credit repair organization and not Plaintiff and, as such, furnisher was not obligated under the FCRA to investigate the disputes.

89. Chrysler Capital has at all times followed reasonable procedures to assure maximum possible accuracy of the information about Plaintiff that it furnishes to the Bureaus.

90. Chrysler Capital's reinvestigation of Plaintiff's dispute was reasonable.

91. Plaintiff's claims are barred by the doctrine of unclean hands.

92. Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff or recoupment.

93. Plaintiff has failed to mitigate any alleged damages that he incurred.

94. Plaintiff's own negligence bars his recovery for any damages he has allegedly sustained.

95. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

96. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

97. Plaintiff's claims are barred, in whole or in part, by the doctrine of estopel.

98. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's first material breaches of the contracts or agreements between the parties.

99. Plaintiff has not sustained an injury as a result of or proximately caused by Chrysler Capital's alleged conduct.

100. Plaintiff's claims are barred, in whole or in part, because all of Chrysler Capital's actions were in good faith.

101. Plaintiff's damages, if any, were not caused by Chrysler Capital and are not attributed to any purported acts or omissions of Chrysler Capital.

102. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

103. Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitation.

4830-3647-0721.v1

104. Chrysler Capital reserves its right to assert such additional affirmative defenses as may be appropriate upon further investigation and discovery and further reserves the right to amend this Answer to add, delete, or modify its affirmative defenses based on legal theories which may or will be divulged through clarification of the Complaint, through discovery, through change or clarification of the governing law, or through further legal analysis of the parties' positions in this litigation.

**WHEREFORE,** Chrysler Capital respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Chrysler Capital and against Plaintiff; Chrysler Capital be awarded all attorney's fees, costs, and expenses it has been required to incur to defend against Plaintiff's Complaint; and the Court awards to Chrysler Capital such other and further relief as it deems just and proper.

Respectfully Submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

/s/ *STEVEN A. HABER*
Steven A. Haber (I.D. #03946-1988)
1120 Route 73, Suite 420
Mt. Laurel, NJ 08054-5108
Phone: (856) 795-3300
Email: steven.haber@obermayer.com

Dated: June 30, 2020

*Attorney for Defendant, Santander Consumer USA Inc. d/b/a Chrysler Capital*

4830-3647-0721.v1