William R. Brown, Esq.  (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY (TRENTON)**

| | |
|---|---|
| MARC LICHTENSTEIN,<br>    Plaintiff, | CASE NO. 3:20-cv-06249-MAS-LHG |
| vs. | Judge Michael A. Shipp<br>Magistrate Judge Lois H. Goodman |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; CHRYSLER CAPITAL LLC; and SANTANDER CONSUMER USA, INC.;<br>    Defendants. | **Motion Return Date: October 19, 2020** |

**TRANS UNION, LLC'S AND EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's recommendation during the August 20, 2020 Scheduling Conference and memorialized by the Court's September 17, 2020 Pretrial Scheduling Order [Doc. No. 21], Defendant consumer reporting agencies Trans Union, LLC and Experian Information Solutions, Inc. (the "CRAs") hereby submit their Memorandum In Support of their Joint Motion For Summary Judgment (the "Motion") on the limited issue of the reasonableness of the CRAs' reinvestigation of Plaintiff's dispute of the timeliness of his May 2018 auto payment to Chrysler.

The Motion should be granted in this alleged Fair Credit Reporting Act case where the uncontested facts demonstrate, as a matter of law, that the CRAs reasonably reinvestigated Plaintiff's dispute of the accurate reporting of 1 of Plaintiff's 3 admitted failures to make his auto payments to Chrysler – purportedly because the "autopay transaction failed to process" and therefore Plaintiff believes payment should be suspended "under operation of law" – because:

A.  Plaintiff has not and cannot demonstrate, as required, that the CRAs failed to reasonably reinvestigate his dispute because the CRAs reinvestigated the account exactly as required by the FCRA and as Plaintiff requested – including sending a complete copy of Plaintiff's dispute letter to Chrysler – and Chrysler verified that its reporting was accurate; and

B.  Plaintiff's attempt to collaterally attack the legal validity of Chrysler's accurate reporting of Plaintiff's missed payment is prohibited by well-settled case law that holds that the CRAs are neither qualified, nor obligated, to attempt to resolve such a legal dispute when conducting a reinvestigation under the FCRA.

## **TABLE OF CONTENTS**

I. BACKGROUND ..................................................................................................1

II. STANDARD.........................................................................................................2

III. ARGUMENT .......................................................................................................3

    A. Plaintiff has not and cannot demonstrate, as required, that the CRAs failed to reasonably reinvestigate his dispute because the CRAs reinvestigated the account exactly as required by the FCRA and as Plaintiff requested – including sending a complete copy of Plaintiff's dispute letter to Chrysler – and Chrysler verified that its reporting was accurate........................................................................................3

    B. Plaintiff's attempt to collaterally attack the legal validity of Chrysler's accurate reporting of Plaintiff's missed payment is prohibited by well-settled case law that holds that the CRAs are neither qualified, nor obligated, to attempt to resolve such a legal dispute when conducting a reinvestigation under the FCRA ......................5

IV. CONCLUSION ...................................................................................................7

## **TABLE OF AUTHORITIES**

**Cases**

Allen v. Experian Info. Sols., Inc., No. 15-CV-11394, 2016 WL 2643266, at *3 (E.D. Mich. May 10, 2016) ...................................................................................................................4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)..............................................................3

Benson v. Trans Union, LLC, 387 F. Supp. 2d 834 (N.D. Ill. 2005) ........................................4

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ..................................................................2

Collins v. Diversified Consultants Inc., No. 15-CV-02115-RBJ-NYW, 2017 WL 8942568 (D. Colo. Feb. 1, 2017), report and recommendation adopted, No. 15-CV-2115-RBJ-NYW, 2017 WL 971528 (D. Colo. Mar. 13, 2017), aff'd, 754 F. App'x 714 (10th Cir. 2018) .....................4

Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010) .......................................................3

Davis v. Equifax Info. Servs. LLC, 346 F. Supp. 2d 1164 (N.D. Ala. 2004) ............................4

DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir. 2008) ............................................5

Dickens v. Trans Union Corp., 18 F. App'x 315 (6th Cir. 2001) ..............................................4

Edeh v. Equifax Information Services, LLC, 974 F.Supp.2d 1220 (D. Minn. 2013) ................4

Foster v. Exeter Fin. LLC, No. 4:18 CV 1014 CDP, 2019 WL 5550542 (E.D. Mo. Oct. 28, 2019) ........................................................................................................................................4

Fried v. Experian Info. Sols., Inc., No. 14-12865, 2015 WL 5591117 (E.D. Mich. Sept. 22, 2015) ........................................................................................................................................4

Garrett v. Experian Info. Solutions, Inc., No. 11–12523, 2012 WL 1931324, *6 (E.D. Mich. May 29, 2012) ..........................................................................................................................4

Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1156 (9th Cir. 2009) .........................4

Hoffmann La Roche Inc. v. Apotex Inc., Civil Action No. 07-4417 (SRC) (MAS), 07-4417, 2012 U.S. Dist. LEXIS 64382, at *80 (D. N.J. May 7, 2012) ..................................................3

Lee v. Experian Info. Sols., No. 02 C 8424, 2003 WL 22287351 (N.D. Ill. Oct. 2, 2003) ........4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) .........................3

Nnebe v. Bank of America, No. 08-05045, 2010 U.S. Dist. LEXIS 32858 (D. N.J. Feb. 17, 2010) ........................................................................................................................................4

Quinn v. Experian Sols., No. 02 C 5908, 2004 WL 609357 (N.D. Ill. Mar. 24, 2004) .............4

Serfess v. Equifax Credit Info. Servs., No. CIV. 13-406 RBK/JS, 2014 WL 4272032, at *8 (D. N.J. Aug. 28, 2014) ...........................................................................................................3, 6

**Rules**

Fed. R. Civ. P. 56..................................................................................................................3

**Statutes**

15 U.S.C. § 1681, et seq. ................................................................................................2-3, 5-6

I.  **BACKGROUND**

This case is about the CRAs' reasonable reinvestigation of Plaintiff's dispute of 1 of his 3 admitted failures to make auto payments to Chrysler Capitol ("Chrysler").[1]  See Complaint ¶ 19; see also the CRAs' Statement Of Material Facts ("SMF") ¶ 26-42.  Plaintiff alleges that he made his April 2018 payment when he leased a new vehicle and "arranged for all subsequent payments to be made electronically through a scheduled autopay."  See Complaint ¶ 18.  However, Plaintiff claims the May 2018 transaction "failed to process due to a malfunction suffered by Defendant Chrysler."  See id. ¶ 19.  Plaintiff believes that "under operation of law," the May 2018 payment obligation was suspended until the electronic transfer was complete.  See id. ¶ 20 (citing Electronic Fund Transfer Act of 1978, 15 U.S.C. §1693j).  Because of this, Plaintiff alleges that Chrysler "continues to improperly report the May 2018 payment [to the CRAs] as late."  See id. ¶ 22-23.

The uncontested facts[2] demonstrate that Plaintiff disputed the account with the CRAs one time, stating, "I set up autopay at the dealer and only when I received a call for not making a payment I realized the autopay was not working."  See id. ¶ 24; see also SMF ¶ 26, 35.  In response, the CRAs forwarded Plaintiff's dispute letter to Chrysler, along with an Automated Consumer Dispute Verification form ("ACDV"), advising Chrysler that Plaintiff was disputing the account history and with a specific comment by Trans Union that Plaintiff states he was "[n]ever late in 5/2018."  See SMF ¶ 28-31, 37-39.  Chrysler responded and stated that Plaintiff was wrong and

---

[1] While the May 2018 missed payment is the only one at issue, the account also reported as late in October and November 2018, a fact which Plaintiff has not disputed or alleged is inaccurate.  Compare Complaint with SMF ¶ 26-27, 35-36.  Therefore, even if Plaintiff could demonstrate that the CRAs' reporting of the May 2018 payment was inaccurate, the account will still continue to report as delinquent.

[2] On September 21, 2020, as instructed by the Court during the Scheduling Conference, Defendants provided Plaintiff with a copy of their proposed Statement Of Material Facts, along with the exhibits to be included therewith.  Plaintiff's counsel responded, "We of course will not be consenting to these facts as undisputed," but refused to identify any specific statement of fact that was contested, refused to articulate the basis for Plaintiff's objection and refused to provide any conflicting evidence or information in support.  Indeed, Plaintiff cannot do so in good faith, as the facts of this case are straightforward and supported by the Declarations and exhibits submitted in support of the Statement Of Material Facts.

that the May 2018 payment was accurately reporting as late.  See id. ¶ 32, 40.  The CRAs then sent Plaintiff the results of their reinvestigations.  See id. ¶ 34, 41.  The CRAs also received a Carbon Copy of each other's reinvestigation results, whereby Chrysler confirmed the May 2018 payment was accurately reporting as late.  See id. ¶ 33, 42.

Based on this, Plaintiff alleges that the CRAs violated Section 1681e(b) of the FCRA (the reasonable procedures provision) "by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the creditor report and credit files that [the CRAs] maintained" and Section 1681i of the FCRA (the reasonable reinvestigation provision) "by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation [sic]."  See Complaint ¶¶ 35, 42, 49, 56.

As recommended by the Court during the August 20, 2020 Scheduling Conference and memorialized in the September 17, 2020 Pretrial Scheduling Order [Doc. No. 21], this Motion only addresses and demonstrates the reasonableness as a matter of law of the CRAs' reinvestigation of Plaintiff's disputes.  For the reasons discussed below, however, Plaintiff's Section 1681e(b) claims against the CRAs also fail because if nothing more was required of the CRAs upon reinvestigating Plaintiff's dispute of the account, nothing more could have been required of the CRAs prior to receiving notice from Plaintiff of the alleged inaccuracy.

**II.    STANDARD**

Summary judgment is proper where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The party moving

for summary judgment must show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

If the moving party satisfies its burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the mere existence of a scintilla of evidence in support of the opposing party's position is insufficient to defeat a motion for summary judgment. See Hoffmann La Roche Inc. v. Apotex Inc., Civil Action No. 07-4417 (SRC) (MAS), 07-4417, 2012 U.S. Dist. LEXIS 64382, at *80 (D.N.J. May 7, 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

### III.   ARGUMENT

    **A.   Plaintiff has not and cannot demonstrate, as required, that the CRAs failed to reasonably reinvestigate his dispute because the CRAs reinvestigated the account exactly as required by the FCRA and as Plaintiff requested – including sending a complete copy of Plaintiff's dispute letter to Chrysler – and Chrysler verified that its reporting was accurate.**

Section 1681i of the FCRA states, in relevant part, that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer … the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). Thus, in order to state a claim for violation of Section 1681i, Plaintiff must demonstrate that the CRAs failed to reasonably reinvestigate his dispute and the CRAs would have been able to discover a factual discrepancy in the Plaintiff's consumer report. Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010).

Indeed, this Court has held that "[t]he 'reasonable investigation' required by the FCRA 'consists largely of triggering the investigation by the furnisher.'" Serfess v. Equifax Credit Info. Servs., No. CIV. 13-406 RBK/JS, 2014 WL 4272032, at *8 (D. N.J. Aug. 28, 2014) (quoting

Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1156 (9th Cir. 2009)). "This is because 'the furnisher of credit information stands in a far better position to make a thorough investigation of disputed debt' than a credit reporting agency." Id.

As such, numerous courts have held as a matter of law that use of the ACDV procedure satisfies a CRA's obligation to conduct a reasonable reinvestigation.³ Moreover, at least one court has held that there is no better way to communicate a consumer's dispute to the information furnisher than sending a copy of the consumer's dispute letter:

> Here, after Experian received Allen's Demand Letter, it did more than simply send a CDV Form to Comenity Bank. It attached to the form both Allen's Demand Letter and the internet printout Allen had provided showing that ALS had gone out of business. Simply put, **Experian communicated the nature of Allen's dispute to Comenity Bank in Allen's very own words. It is hard to imagine a better way to inform Comenity Bank of the essence of Allen's dispute**. And Experian completed and closed its reinvestigation process only after Comenity Bank confirmed that the Disputed Credit Reference "was accurate." Under these circumstances, Experian's reinvestigation and retention of the Disputed Credit Reference on Allen's credit report was reasonable.

Allen v. Experian Info. Sols., Inc., No. 15-CV-11394, 2016 WL 2643266, at *3 (E.D. Mich. May 10, 2016) (internal citations omitted).

Here, the CRAs' reinvestigations were reasonable as a matter of law because they promptly communicated with Chrysler as the furnisher of the subject account identified in Plaintiff's dispute pursuant to the FCRA and applicable case law. The CRAs timely and diligently contacted Chrysler

---

³ See, e.g., Nnebe v. Bank of America, No. 08-05045, 2010 U.S. Dist. LEXIS 32858 (D. N.J. Feb. 17, 2010); Lee v. Experian Info. Sols., No. 02 C 8424, 2003 WL 22287351 (N.D. Ill. Oct. 2, 2003); Dickens v. Trans Union Corp., 18 F. App'x 315 (6th Cir. 2001); Fried v. Experian Info. Sols., Inc., No. 14-12865, 2015 WL 5591117 (E.D. Mich. Sept. 22, 2015); Quinn v. Experian Sols., No. 02 C 5908, 2004 WL 609357 (N.D. Ill. Mar. 24, 2004); Edeh v. Equifax Information Services, LLC, 974 F.Supp.2d 1220 (D. Minn. 2013); Garrett v. Experian Info. Solutions, Inc., No. 11–12523, 2012 WL 1931324, *6 (E.D. Mich. May 29, 2012); Davis v. Equifax Info. Servs. LLC, 346 F. Supp. 2d 1164 (N.D. Ala. 2004); Foster v. Exeter Fin. LLC, No. 4:18 CV 1014 CDP, 2019 WL 5550542 (E.D. Mo. Oct. 28, 2019); Collins v. Diversified Consultants Inc., No. 15-CV-02115-RBJ-NYW, 2017 WL 8942568 (D. Colo. Feb. 1, 2017), report and recommendation adopted, No. 15-CV-2115-RBJ-NYW, 2017 WL 971528 (D. Colo. Mar. 13, 2017), aff'd, 754 F. App'x 714 (10th Cir. 2018); Birmingham v. Experian Info. Sols., Inc., 633 F.3d 1006 (10th Cir. 2011); Benson v. Trans Union, LLC, 387 F. Supp. 2d 834 (N.D. Ill. 2005).

4

with an electronic ACDV and included an image of Plaintiff's dispute for reference. Once the CRAs completed this reinvestigation procedure – which receipt by Chrysler was evidenced by its response verifying the accuracy of the late May 2018 payment reporting on Plaintiff's credit file to both Trans Union and Experian – the CRAs had fully satisfied their duty under the FCRA. Therefore, there is no genuine issue of material fact that the CRAs reasonably reinvestigated Plaintiff's dispute and summary judgment is proper.

> **B. Plaintiff's attempt to collaterally attack the legal validity of Chrysler's accurate reporting of Plaintiff's missed payment is prohibited by well-settled case law that holds that the CRAs are neither qualified, nor obligated, to attempt to resolve such a legal dispute when conducting a reinvestigation under the FCRA.**

It is well settled that a consumer reporting agency is not required to resolve a dispute like Plaintiff's – whether, by "operation of law," the May 2018 payment obligation was suspended until the electronic transfer was complete – in response to a request for reinvestigation under Section 1681i of the FCRA.

Where a consumer disputes the legal validity of the information reported to a CRA, such dispute is nothing more than an impermissible collateral attack against the underlying creditor, which "a credit agency such as Trans Union is neither qualified nor obligated to resolve under the FCRA." DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir. 2008).[4] This is because such disputes "[do] not state any factual deficiency that could have been resolved by a reasonable

---

[4] Accord Denan v. Trans Union LLC, 959 F.3d 290, 295 (7th Cir. 2020) (plaintiff impermissibly "attempt to graft responsibilities of data furnishers and tribunals onto a consumer reporting agency. Only furnishers are tasked with accurately reporting liability. And it makes sense that furnishers shoulder this burden: they assumed the risk and bear the loss of unpaid debt, so they are in a better position to determine the legal validity of a debt.") (internal citations omitted); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 891 (9th Cir. 2010) ("[C]redit reporting agencies are not tribunals. They simply collect and report information furnished by others. Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims.") (citing Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 150 (4th Cir. 2008)); Wright v. Experian Info. Solutions, Inc., 805 F.3d 1232, 1244 (10th Cir. 2015) (CRAs not required to "resolve legal disputes about the validity of the underlying debts they report").

5

reinvestigation conducted by the credit bureau." Id. Indeed, "[d]etermining whether [plaintiff] was entitled to stop making those payments is a question for a court to resolve in a suit against [the creditor] … not a job imposed upon consumer reporting agencies by the FCRA." Id. As such, this Court has agreed that "a credit reporting agency is not required to referee a dispute between a consumer and lender." Serfess, 2014 WL 4272032, at *8.

Here, the CRAs were not required to do anything more to resolve Plaintiff's dispute in response to his request for a reinvestigation because, as Plaintiff expressly claimed and admits, this matter was nothing more than a legal dispute between a consumer and a furnisher of credit. Because the CRAs were not privy to the contract or relationship to the auto loan between Plaintiff and Chrysler, the CRAs were not in a position nor qualified to verify or refute the information from Chrysler and claim of the law applicable to Plaintiff regarding his Chrysler payments. As such, the CRAs are entitled to rely on Chrysler for its information as the entity in direct contact with the consumer Plaintiff.

Further, Plaintiff admits that the payment in May 2018 did not process, and that he paid the amount owed from May 2018 the following month. See Complaint ¶ 19-21. As such, Plaintiff's entire dispute amounts to nothing more than a collateral attack against the legal validity of the accurate verification by Chrysler and reporting by the CRAs of his missed payment, which is impermissible under the FCRA.[5] Therefore, there is no genuine issue of material fact that the CRAs were not required to resolve Plaintiff's purported legal defense of his admitted failure to make his May 2018 auto payment to Chrysler and summary judgment is proper.

---

[5] Even if there was a viable issue on reasonable reinvestigation, factual and not legal accuracy of a consumer's credit information is a complete defense for the credit agencies as the FCRA is intended to protect consumers against the compilation and dissemination of inaccurate credit information. See Covington v. Equifax Info. Servs., Inc., No. 18-15640-KM-MAH, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (as with § 1681e(b) claims, a claim under 1681i will fail if the consumer cannot show that the information in his or her file was inaccurate).

**IV.      CONCLUSION**

For all of the foregoing reasons, Defendants Trans Union, LLC and Experian Information Solutions, Inc. respectfully request that the Court grant the Motion For Summary Judgment in this alleged Fair Credit Reporting Act case where the CRAs reasonably reinvestigated Plaintiff's dispute of his admitted failure to make his May 2018 auto payment to Chrysler.

Respectfully submitted,

Date:   September 25, 2020

s/ William R. Brown
William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*


s/ Dorothy A. Kowal
Dorothy A. Kowal, Esq.
Price, Meese, Shulman & D'Arminio, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Telephone: (201) 391-3737
Fax: (201) 391-9360
Email: dkowal@pricemeese.com

*Counsel for Defendant Experian Information Solutions, Inc.*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **25th day of September 2020**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Yaakov Saks, Esq. | Dorothy A. Kowal, Esq. |
|---|---|
| ysaks@steinsakslegal.com | dkowal@pricemeese.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **25th day of September 2020,** properly addressed as follows:

| None. | |
|---|---|

> *s/ William R. Brown*
> William R. Brown, Esq.   (WB5139)
> Schuckit & Associates, P.C.
> 4545 Northwestern Drive
> Zionsville, IN  46077
> Telephone:  (317) 363-2400
> Fax:  (317) 363-2257
> E-Mail:  wbrown@schuckitlaw.com
>
> *Counsel for Defendant Trans Union, LLC*