William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY (TRENTON)**

---

| | |
|---|---|
| MARC LICHTENSTEIN,<br>    Plaintiff, | CASE NO. 3:20-cv-06249-MAS-LHG |
|   vs. | Judge Michael A. Shipp<br>Magistrate Judge Lois H. Goodman |
| EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; CHRYSLER CAPITAL LLC; and SANTANDER CONSUMER USA, INC.;<br>    Defendants. | |

---

**TRANS UNION, LLC'S AND EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR**
**JOINT MOTION FOR SUMMARY JUDGMENT**

---

Defendant consumer reporting agencies Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian"), submit the following Statement Of Material Facts in support of their Joint Motion For Summary Judgment (the "Motion").

1. Plaintiff Marc Lichtenstein ("Plaintiff") is a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").  <u>See</u> Declaration Of Shameek Dennis ("Dennis Declaration") ¶ 3.

2. Trans Union is a "consumer reporting agency" ("CRA") as that term is defined by the FCRA. See id. ¶ 4.

3. As a CRA, Trans Union collects credit information furnished to it by various sources around the country including banks, credit unions, automobile dealers, student loan providers and others (these sources are known as "furnishers of information" within the credit reporting industry and under the FCRA). See id. ¶ 5.

4. Experian is also a "consumer reporting agency" as that term is defined by the FCRA. See Declaration Of Cymone Rogers ("Rogers Declaration") ¶ 4.

5. As a CRA, Experian also collects credit information furnished to it by various furnishers of information. See id. ¶ 5.

6. Chrysler Capitol ("Chrysler") is a "furnisher of information" as that term is defined by the FCRA. See Dennis Declaration ¶ 6.

7. Trans Union and Experian accept information on a consumer's credit only from those sources of information that, either on the basis of its prior experience or because of the source's reputation, are determined by Trans Union and Experian to be reasonably reliable. See Dennis Declaration ¶ 7, Rogers Declaration ¶ 6.

8. These sources of credit information execute a subscriber agreement, which require that they will comply with the FCRA, including that they provide only accurate information to Trans Union and Experian and investigate consumer disputes that Trans Union and Experian submit. See Dennis Declaration ¶ 8, Rogers Declaration ¶ 7.

9. Trans Union's experience with Chrysler is that Chrysler is a reliable source of credit information. See id. ¶ 9.

10. Experian's experience with Chrysler is that Chrysler is a reliable source of credit information. See Rogers Declaration ¶ 9.

11. Trans Union and Experian maintain reasonable procedures designed to assure that they conduct reasonable reinvestigations of information disputed by consumers. See Dennis Declaration ¶ 10, Rogers Declaration ¶ 10.

12. A consumer may contact Trans Union and Experian to dispute information reporting in their credit file by telephone, mail, or the internet. See Dennis Declaration ¶ 11, Rogers Declaration ¶ 11.

13. Upon receipt of a dispute, and after locating the consumer's credit file, Trans Union and Experian review and consider all relevant information, if any, provided by the consumer and review the contents of the consumer's credit file. See Dennis Declaration ¶ 12, Rogers Declaration ¶ 12.

14. If Trans Union and Experian are able to make updates based on the information they have, they will do so immediately. See Dennis Declaration ¶ 13, Rogers Declaration ¶ 13.

15. If further investigation is required, Trans Union and Experian notify the data furnisher of the consumer's dispute, describe all relevant information provided by the consumer, and include the consumer's account information as it then appears in Trans Union's and Experian's credit files. See Dennis Declaration ¶ 14, Rogers Declaration ¶ 14.

16. Communications between CRAs and data furnishers are generally made through a process where the CRA electronically transmits an Automated Consumer Dispute Verification ("ACDV") form to the furnisher. The ACDV process is an industry standard used by all three nationwide CRAs (Trans Union, Experian and Equifax). The ACDV process allows CRAs to communicate with data furnishers through us of any array of pre-determined codes and narrative

phrases, along with individualized consumer messages. This process enhances consistency and reduces misunderstandings. See Dennis Declaration ¶ 15, Rogers Declaration ¶ 15.

17. When the data furnisher receives the ACDV from Trans Union and Experian, it is required by its contract with Trans Union and Experian and by the FCRA to conduct its own investigation and report the results to Trans Union and Experian. See Dennis Declaration ¶ 16, Rogers Declaration ¶ 16.

18. On May 10, 2018, Chrysler began reporting Chrysler Capitol #3000-0212-4991-3100-0 (the "Account") on Plaintiff's Trans Union credit file. See Dennis Declaration ¶ 17.

19. On May 16, 2018, Chrysler began reporting the Account on Plaintiff's Experian credit file. See Rogers Declaration ¶ 17.

20. On June 11, 2018, Chrysler reported to Trans Union that the Account was 30-days-late for the month of May 2018. See Dennis Declaration ¶ 18.

21. On June 13, 2018, Chrysler reported to Experian that the Account was 30-days-late for the month of May 2018. See Rogers Declaration ¶ 18.

22. On November 19, 2018, Chrysler reported to Trans Union that the Account was 30-days-late for the month of October 2018. See Dennis Declaration ¶ 19.

23. On November 20, 2018, Chrysler reported to Experian that the Account was 30-days-late for the month of October 2018. See Rogers Declaration ¶ 19.

24. On January 10, 2019, Chrysler reported to Trans Union that the Account was 30-days-late for the month of November 2018. See Dennis Declaration ¶ 20.

25. On December 12, 2018, Chrysler reported to Experian that the Account was 30-days-late for the month of November 2018. See Rogers Declaration ¶ 20.

26. On February 19, 2019, Trans Union received correspondence from Plaintiff (the "Trans Union Dispute") stating, in relevant part, "[t]he [Account] is reporting with a late payment. I have not been late in May 2018, this is an error. The first payment was paid at the dealer, then I set up an autopay at the dealer and only when I received a call for not making a payment I realized the autopay was not working." See Dennis Declaration ¶ 21, Exhibit A.

27. Plaintiff's Trans Union Dispute did not state that the October 2018 or November 2018 30-day-late payment notations were inaccurate or request that Trans Union reinvestigate the accuracy of them. See id.

28. Upon receipt of Plaintiff's Trans Union Dispute, Trans Union initiated a reinvestigation – including reviewing Plaintiff's correspondence, reviewing the information in Plaintiff's credit file and preparing an ACDV to be sent to Chrysler, along with a complete copy of Plaintiff's dispute correspondence. See id. ¶ 23.

29. The Trans Union dispute operator selected two dispute codes to be included on the ACDV: "Disputes present/previous Account Status/Payment Rating/Account History. Verify Account Status, Payment Rating and Account History" and "Disputes Current Balance and/or Amount Past Due. Verify Current Balance or Amount Past Due." See id. ¶ 24, Exhibit B.

30. The Trans Union dispute operator also added a Consumer Message to the ACDV: "Never late in 5 2018." See id.

31. The Trans Union ACDV was sent to Chrysler on February 24, 2019, along with a complete copy of Plaintiff's dispute correspondence. See id. ¶ 26.

32. On March 4, 2019, Chrysler responded to the Trans Union ACDV, confirming, in relevant part, that the Account was accurately reporting as 30-days-late for the month of May 2018. See id. ¶ 27.

33. On March 4, 2019, Trans Union received a Carbon Copy of the Experian ACDV, whereby Chrysler confirmed that the Account was accurately reporting as 30-days-late for the month of May 2018. See Dennis Declaration ¶ 28, Exhibit C.

34. On March 5, 2019, Trans Union sent its Investigation Results to Plaintiff. See Dennis Declaration ¶ 29, Exhibit D.

35. On February 22, 2019, Experian received correspondence from Plaintiff (the "Experian Dispute") stating, in relevant part, "[t]he [Account] is reporting with a late payment. I have not been late in May 2018, this is an error. The first payment was paid at the dealer, then I set up an autopay at the dealer and only when I received a call for not making a payment I realized the autopay was not working." See Rogers Declaration ¶ 21, Exhibit E.

36. Plaintiff's Experian Dispute did not state that the October 2018 or November 2018 30-day-late payment notations were inaccurate or request that Experian reinvestigate the accuracy of them. See id. ¶ 22.

37. Upon receipt of Plaintiff's Experian Dispute, Experian initiated a reinvestigation – including reviewing Plaintiff's correspondence, reviewing the information in Plaintiff's credit file and preparing an ACDV to be sent to Chrysler, along with a complete copy of Plaintiff's dispute correspondence. See id. ¶ 23, Exhibit F.

38. The Experian dispute agent selected the dispute code to be included on the ACDV: "Disputes present/previous Account Status/Payment Rating/Account History. Verify Account Status, Payment Rating and Account History." See id. ¶ 24.

39. The Experian ACDV was sent to Chrysler on February 28, 2019, along with a complete copy of Plaintiff's dispute correspondence. See id. ¶ 25.

40. On March 4, 2019, Chrysler responded to the Experian ACDV, confirming, in relevant part, that the Account was accurately reporting as 30-days-late for the month of May 2018. See id. ¶ 26.

41. On March 4, 2019 Experian sent its Investigation Results to Plaintiff. See Rogers Declaration ¶ 27, Exhibit G.

42. On March 4, 2019, Experian received a Carbon Copy of the Trans Union ACDV, whereby Chrysler confirmed that the Account was accurately reporting as 30-days-late for the month of May 2018. See Rogers Declaration ¶ 28, Exhibit H.

Respectfully submitted,

Date: September 25, 2020

s/ William R. Brown
William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

s/ Dorothy A. Kowal
Dorothy A. Kowal, Esq.
Price, Meese, Shulman & D'Arminio, P.C.
50 Tice Boulevard
Woodcliff Lake, NJ 07677
Telephone: (201) 391-3737
Fax: (201) 391-9360
E-Mail: dkowal@pricemeese.com

*Counsel for Defendant Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **25th day of September, 2020**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Yaakov Saks, Esq.<br>ysaks@steinsakslegal.com<br>Steven A. Haber, Esq.<br>Steven.haber@obermayer.com | Dorothy A. Kowal, Esq.<br>dkowal@pricemeese.com |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **25th day of September, 2020,** properly addressed as follows:

| None. | |
|---|---|

*s/ William R. Brown*
William R. Brown, Esq.  (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*